**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. SELIG, in his official capacity as Chairman of the Commodity Futures Trading Commission, *et al.*,<br><br>Defendants. | Civil Action No. 26-2157 (CKK) |

**ORDER**
(August 27, 2026)

This case concerns Defendants' classification of a derivatives contract known as a "perpetual." Pl.'s Opp'n, Dkt. No. 27 at 3 ("Pl.'s Opp'n"). Defendants have classified perpetuals for cryptocurrency as "futures" contracts. *Id.* Plaintiff argues that this classification is unlawful because such perpetuals are "swaps," not futures, under the Commodity Exchange Act ("CEA"). *Id.* Plaintiff challenges Defendants' approval of perpetuals for cryptocurrency as futures and a related policy statement under the Administrative Procedure Act ("APA"), arguing that Defendants' actions are (1) contrary to law under the APA because they violate the CEA (Count I), and (2) arbitrary and capricious under the APA (Count II). *Id.*

Defendants intend to file a motion to dismiss Plaintiff's Complaint. *See* Defs.' Mot., Dkt. No. 25 at 1 ("Defs.' Mot."). Under the Local Rules of this Court, Defendants "must file a certified list of the contents of the administrative record with the Court . . . simultaneously with the filing of" their motion to dismiss, "unless otherwise ordered by the Court." D.C. LCvR 7(n). Defendants ask the Court to excuse their obligation to file the administrative record along with their motion to dismiss, arguing that their motion "will not rely on materials from the administrative record" and

therefore "the Court will not need to rely on the administrative record to resolve" it. Defs.' Mot. at 2. Defendants represent that they will make two arguments in their motion to dismiss: *first*, that Plaintiff lacks standing "because it has not suffered, and will not imminently suffer, an injury in fact, and because any injury would not be redressed by a favorable decision," and *second*, that Plaintiff's claim is not in the "zone of interests" protected by the CEA. *Id.* Defendants assert that "[n]one of these arguments require reference to the administrative record." *Id.*

The Court shall deny Defendants' request to excuse compliance with Local Rule 7(n). While the administrative record may not be *required* to resolve Defendants' forthcoming motion to dismiss, "[a] court *may* consider materials outside the pleadings to determine its jurisdiction," and "[t]hat includes materials necessary to determine whether the plaintiff has standing." *United States House of Representatives v. Burwell,* 130 F. Supp. 3d 53, 64 (D.D.C. 2015); *see also Ctr. for Biological Diversity v. United States Dep't of the Interior*, 144 F.4th 296, 303 (D.C. Cir. 2025) (". . . in determining standing, we may consider materials outside of the complaint.") (cleaned up and citation omitted); *Jordan v. Fed. Bureau of Prisons*, No. 20-cv-1478 (CKK), Dkt. No. 14 at 2–3 (D.D.C. Dec. 23, 2020) (denying motion to excuse compliance with Rule 7(n) because "[w]hen reviewing a challenge pursuant to Rule 12(b)(1), a court may, and often must, consider documents outside the pleadings to assure itself that it has jurisdiction"). As Plaintiff highlights, the Court's review of Defendants' motion to dismiss for lack of standing may benefit from assessing the administrative record because the record will likely "contain further evidence of [Plaintiff's] competitive injury." Pl.'s Opp'n at 6. This is reason enough to deny Defendants' request to excuse compliance with Rule 7(n).

The Court also agrees with Plaintiff and finds that "postponing summary judgment briefing pending the resolution of the government's anticipated motion to dismiss would not serve the

orderly disposition of this case." *Am. Hosp. Ass'n v. Dep't of Health & Hum. Servs.*, No. 18-cv-2112 (JDB), 2018 WL 5777397, at *2 (D.D.C. Nov. 2, 2018). In APA cases, "early summary judgment motions are often appropriate, as '[t]he entire case on review is a question of law, and only a question of law.'" *Id.* (quoting *Marshall Cty. Health Care Auth. v. Shalala*, 988 F. 2d 1221, 1226 (D.C. Cir. 1993)). Plaintiff represents that it intends to move for summary judgment on both counts in the Complaint. *See* Pl.'s Opp'n at 7–8. Accordingly, the Court finds that "it is in the interest of the sound administration of judicial—and the parties'—resources to proceed with one combined briefing schedule for [Plaintiff's] summary judgment motion and any motion to dismiss or cross-motion for summary judgment the government may file." *Am. Hosp. Ass'n*, 2018 WL 5777397, at *3. The potential issue of Plaintiff's standing "may equally be considered at the summary judgment stage." *Id.* n. 3.

Accordingly, for the foregoing reasons, it is hereby:

**ORDERED** that Defendants' [25] Motion to Excuse Compliance with Local Civil Rule 7(n) is **DENIED**; and

**ORDERED** that the parties shall file a joint proposed briefing schedule by no later than September 4, 2026.

**SO ORDERED.**

**Dated:** August 27, 2026

Colleen Kollar-Kotelly
COLLEEN KOLLAR-KOTELLY
United States District Judge