**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE INC.,<br><br>Plaintiff,<br><br>v.<br>MICHAEL S. SELIG, in his official capacity as Chairman of the Commodity Futures Trading Commission; COMMODITY FUTURES TRADING COMMISSION,<br><br>Defendants. | Case No. 1:26-cv-02157-CKK |

**[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL DOCUMENTS IN THE ADMINISTRATIVE RECORD**

Defendants Michael S. Selig, in his official capacity as Chairman of the Commodity Futures Trading Commission, and the Commodity Futures Trading Commission ("CFTC") are including certain documents in the administrative record that contain confidential or sensitive commercial, financial and/or business information of a CFTC-designated contract market ("DCM") that is not a party to this litigation. To facilitate the production, review and use of these documents in this case, the parties jointly request that the Court enter an order to protect this confidential information ("Protective Order");

Accordingly, It is hereby STIPULATED, AGREED, and ORDERED as follows:

1. Defendants shall designate as "Confidential" any portions of the record that contain confidential or sensitive commercial, financial and/or business information. Specifically, Defendants will identify any such portions as "Confidential" by highlighting the text.

2. This Protective Order shall govern the use of all portions of the administrative record designated as Confidential by Defendants. All Parties to this Action and their attorneys, as

well as non-party participants, shall comply with the terms and procedures set forth below with respect to documents and materials designated as "Confidential" by Defendants. Notwithstanding anything else contained herein, nothing in this Protective Order shall in any way limit the right of a producing or supplying party (hereinafter "Producing Party") to make whatever use it deems appropriate of its own documents.

3. Under this Protective Order, Defendants shall have the right to identify and designate any portions of the administrative record as "Confidential" when Defendants in good faith believe it contains information that is proprietary, confidential, commercially sensitive information protected by the Commodity Exchange Act, CFTC regulations, or the Trade Secrets Act, or contains other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G).

4. Absent consent of Defendants or an order from this Court, materials designated Confidential pursuant to this Protective Order and/or any information derived therefrom shall only be disclosed to or made available by: (1) outside counsel who have appeared on behalf of a party in this litigation ("counsel of record"), including their partners, counsel, associates, and staff; (2) any third-party witness retained only for the purposes of this litigation; (3) the Court and its personnel, (4) any other person or entity authorized by law; and (5) any other person only upon order of the Court or upon stipulation of the parties.

5. Counsel of record are responsible for employing reasonable measures to control access to and distribution of information designated Confidential and shall keep all documents designated as Confidential secure within their possession. Each person accessing or receiving information designated as Confidential shall receive, process, use, store, maintain, disclose, transmit, backup, handle extracts of, and dispose of such information: (i) only in compliance with

the terms of this Protective Order; (ii) in a location and manner sufficient to protect such information from unauthorized access or disclosure; and (iii) in accordance with industry standard safeguards and applicable Federal information confidentiality and security laws and regulations.

6. To the extent that any materials designated as Confidential under this Protective Order are filed with the Court, they shall only be submitted under seal, with a motion to seal consistent with this Court's Local Rule 5.1(h). Plaintiff Chicago Mercantile Exchange, Inc. (CME) will redact any portion of a document that it files on the public docket that quotes from or otherwise reproduces material designated as Confidential. Defendants must file a response justifying the redactions within seven (7) business days. If Defendants fail to do so or the Court does not grant the motion to seal, the information will no longer be designated as Confidential.

7. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court or pending the entry of an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Protective Order had been entered by the Court.

8. Defendants may withdraw the designation of Confidential at any time during the pendency of this matter.

9. If Plaintiff disputes whether any portions of the administrative record are properly designated as Confidential, the parties agree to attempt to resolve such dispute among themselves. The parties must confer and make reasonable efforts to resolve their differences. In the event the parties cannot resolve the dispute, the designation of confidentiality may be challenged upon motion. The non-party DCM that designated the material as confidential to the CFTC shall have the opportunity to appear to protect its interests.

10. Within sixty (60) days of the conclusion of this litigation and any appeal thereof, all material treated as Confidential under this Protective Order shall be destroyed or returned. Any work product that contains Confidential information under this Protective Order shall be destroyed. Counsel of record for Plaintiff shall make written confirmations of compliance with this return or destruction requirement to counsel for Defendants not more than ninety (90) days after final termination of this litigation. The Clerk of the Court may return to counsel for Defendants, or destroy, any Confidential sealed material at the end of the litigation, including any appeals.

11. After the conclusion of this litigation, the provisions of this Protective Order shall continue to be binding and this Court shall retain jurisdiction over all persons who have access to documents designated as Confidential produced pursuant to this Protective Order for the purpose of enforcement of this Protective Order, including any appropriate sanctions for violations.

Dated: September 11, 2026

*/s/ Aitan D. Goelman*
Aitan D. Goelman (D.C. Bar No. 446636)
Ivano M. Ventresca (D.C. Bar No. 1045769)
Brian J. Beaton, Jr. (D.C. Bar No. 90020963)

ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
agoelman@zuckerman.com
iventresca@zuckerman.com
bbeaton@zuckerman.com

*Attorneys for Plaintiff Chicago Mercantile Exchange, Inc.*

Respectfully submitted by:

*/s/ M. Jordan Minot*
M. Jordan Minot (DC Bar No. 1722554)

TYLER S. BADGLEY
General Counsel
M. JORDAN MINOT
Deputy General Counsel
ANDREW J. WEISBERG
Senior Assistant General Counsel
HENRY J. DICKMAN
Senior Assistant General Counsel
CARLIN METZGER
Senior Assistant General Counsel

U.S. Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC 20581
Tel: (202) 209-1087
Fax: (202) 418-5567

tbadgley@cftc.gov
jminot@cftc.gov
aweisberg@cftc.gov
hdickman@cftc.gov
cmetzger@cftc.gov

*Attorneys for Defendants Michael S. Selig and CFTC*

**SO ORDERED:**

____________________________________
HON. COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE