**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. SELIG, in his official capacity as Chairman of the Commodity Futures Trading Commission, *et al*.,<br><br>Defendants. | Civil Action No. 26-2157 (CKK) |

**MEMORANDUM OPINION & ORDER**
(September 28, 2026)

As the Court previously explained, this action concerns Plaintiff's APA challenge to Defendants' approval of perpetuals for cryptocurrency as futures and a related policy statement. *See* Order, Dkt. No. 29 at 1. Defendants moved to dismiss Plaintiff's action, arguing that the Court lacks subject-matter jurisdiction and that Plaintiff has failed to state a claim. *See* Dkt. No. 30-1. Shortly thereafter, the parties proposed a briefing schedule. *See* Dkt. No. 32.

In their proposed briefing schedule, the parties informed the Court that they "disagree[d] over whether Defendants . . . are entitled to take discovery from Plaintiff . . . about Plaintiff's standing." *Id*. at 1. The parties further informed the Court that Defendants "agreed to seek leave from the Court before serving any discovery requests." *Id*. Accordingly, the parties proposed a briefing schedule to address, in chronological order, (i) Defendants' motion for leave to seek discovery, (ii) Defendants' motion to dismiss, and (iii) the parties' potential cross-motions for summary judgment. *Id*. at 1–2. The Court adopted this briefing schedule. *See* Order, Dkt. No. 33. And Defendants' motion for discovery is now ripe. *See* Dkt. No. 41 ("Defs.' Mot."); Dkt. No. 42 ("Pl.'s Opp'n"); Dkt. No. 43 ("Defs.' Reply").

Defendants request leave "to conduct ordinary discovery" under Federal Rule of Civil Procedure 26 "on facts relevant to jurisdiction in anticipation of summary judgment." Defs.' Mot. at 1 n. 1. This is, in Defendants' words, an "unusual" request.[1] Defs.' Reply at 2; *see also Amica Ctr. for Immigrant Rts. v. Exec. Off. for Immigr. Rev.*, No. 26-cv-696 (RDM), 2026 WL 662323, at *2 (D.D.C. Mar. 2, 2026) ("The Court cannot recall an occasion in which the government has sought discovery regarding organizational standing in an [APA] case like this one."). That is because "[d]iscovery typically is not available in APA cases." *Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487 (D.C. Cir. 2011). The APA's "limit on discovery . . . stands in stark contrast to the Court's broad discretion to order discovery under Federal Rule of Civil Procedure 26 in non-APA cases." *Univ. of California Student Ass'n v. McMahon*, No. 25-cv-354 (RDM), 2025 WL 1906548, at *2 (D.D.C. Mar. 18, 2025) (citing 5 U.S.C. § 706) (explaining that this "reflects Congress's judgment that the civil discovery rules are incompatible with the APA").

Defendants seek an exception to the APA's general limit on discovery. Defendants assert that the APA's limit on discovery "applies where *plaintiffs* seek discovery from the government" because "judicial review of agency rulemaking is confined to the administrative record, so further discovery from the government is simply not relevant." Defs.' Mot. at 4 (emphasis in original). But "that logic does not apply," Defendants argue, "where *the government* seeks discovery from the plaintiff that goes to whether the Court has subject-matter jurisdiction to decide the case at all." *Id*. (emphasis in original). Maybe so, but the Court does not see how that justifies granting Defendants' request for discovery at the pleading stage.

[1] Plaintiff argues the same. *See* Pl.'s Opp'n at 2 ("[Plaintiff] is not aware of *any* APA cases where a defendant was allowed to take discovery of a plaintiff in an attempt to disprove competitor standing. [Plaintiff] asked Defendants for any contrary authority, and they did not provide any.") (emphasis in original).

As the Court mentioned above, Defendants seek discovery "in anticipation of summary judgment." Defs.' Mot. at 1 n. 1. Federal Rule of Civil Procedure 56(d) provides a framework for parties to seek discovery in response to a motion for summary judgment. *See* Fed. R. Civ. P. 56(d). Specifically, Rule 56(d) provides

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

*Id*.

Defendants are aware of their ability to request discovery under Rule 56(d). Last month, in arguing for the Court to excuse its obligation to produce the administrative record, Defendants asserted that, "if [they] conclude that discovery is needed to confirm [Plaintiff's] standing, a Rule 56(d) motion may be required." Dkt. No. 28 at 7. Now, however, Defendants move for leave to serve discovery under Rule 26 "in order to facilitate the efficient resolution of the case and to avoid downstream discovery disputes or Fed. R. Civ. P. 56(d) motions." Defs.' Mot. at 1 n. 1; *see also id*. at 8 ("Discovery at this stage also obviates the need for a motion under Fed. R. Civ. P. 56(d), thereby saving the parties resources."). The Court is not persuaded.

Granting Defendants' current request for discovery would not facilitate the efficient resolution of this case. Defendants do not claim, nor could they, that discovery is needed for the Court's resolution of Defendants' pending motion to dismiss. Rather, Defendants' request for discovery is premised on the possibility that Plaintiff survives Defendants' motion to dismiss and proceeds to summary judgment. Caught between the parties' opposing views on the likelihood of that possibility, the Court falls back on the principle that "[a] court will not decide issues that would require it to speculate as to events in the future which may never materialize." *Adams v.*

*Bell*, 711 F.2d 161, 202 n. 146 (D.C. Cir. 1983) (quotation omitted). It would be inefficient to order discovery when such discovery may prove unnecessary.

Moreover, granting Defendants' request for discovery under Rule 26 would bypass the more targeted standard in Rule 56(d). As Defendants explain, Rule 26 provides for broad discovery under a permissive standard. *See* Defs.' Mot. at 2. Rule 56(d), on the other hand, is more targeted. To obtain discovery under Rule 56(d), a party must submit an "affidavit or declaration" that shows "specified reasons" why the party "cannot present facts essential to justify its opposition" to a motion for summary judgment. Fed. R. Civ. P. 56(d). Defendants' present request for discovery does not meet these requirements. Therefore, granting Defendants' request would not only risk ordering discovery that may ultimately prove unnecessary, but it would also likely lead to discovery that is less targeted than the appropriate discovery under Rule 56(d).

Overall, Defendants' requested discovery is premature and potentially overbroad, and therefore it would not lead to the efficient resolution of this case. Accordingly, it is hereby **ORDERED** that Defendants' [41] Motion for Discovery on Facts Related to Plaintiff's Standing is **DENIED**. Should this case reach summary judgment, then, if appropriate, Defendants may move for discovery under Rule 56(d).

**SO ORDERED.**

**Dated:** September 28, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge