**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. SELIG, in his official capacity as Chairman of the Commodity Futures Trading Commission; COMMODITY FUTURES TRADING COMMISSION,<br><br>Defendants. | Case No. 1:26-cv-02157-CKK |

**DEFENDANTS' MOTION TO AMEND BRIEFING SCHEDULE**

Defendants the United States Commodity Futures Trading Commission and Chairman Michael S. Selig move to amend the current briefing schedule. *See* Order (September 8, 2026), Dkt. No. 33. Plaintiff Chicago Mercantile Exchange Inc. ("CME") opposes this motion.[1]

The current briefing schedule, which assumes the parties will file cross-motions for summary judgment, is premised on discovery being completed before summary judgment and that there would be no need for recourse to Rule 56(d). *See* Dkt. 41 at 1 n.1 ("[W]hen negotiating a proposed schedule, Defendants agreed to move for leave to serve discovery on CME in order to facilitate the efficient resolution of the case and to avoid downstream discovery disputes or Fed. R. Civ. P. 56(d) motions."); Dkt. 43 at 2 ("When negotiating a briefing schedule, the parties agreed that Defendants would seek the Court's leave to conduct discovery precisely to *avoid* resort to Rule 56(d) motions practice, which could further delay proceedings.").

[1] CME has indicated that it intends to oppose this motion within five days and is agreeable to Defendants filing a reply three days later.

CME, however, asserted that no pre-summary-judgment discovery was necessary because "should Defendants require discovery at the summary-judgment stage, they can move pursuant to Rule 56(d)." Dkt. 42 at 1; *see also id.* at 4–5 (explaining this further and citing cases). The Court agreed that pre-summary-judgment discovery was not warranted because, in the event "that Plaintiff survives Defendants' motion to dismiss and proceeds to summary judgment," Defendants could move for discovery under Rule 56(d). Dkt. 44 at 3–4. We thus understand from CME's briefing and the Court's order that Rule 56(d) is the proper path for Defendants to obtain any discovery they may need as to CME's standing. *Id.* at 4 ("Should this case reach summary judgment, then, if appropriate, Defendants may move for discovery under Rule 56(d).").

Ultimately, whether a Rule 56(d) motion is necessary will depend on the Court's resolution of the pending motion to dismiss and any evidence CME submits in a summary-judgment motion. But if a Rule 56(d) motion is necessary, the current summary-judgment schedule—in which both parties must cross-move for summary judgment—provides an awkward sequence, as Defendants would be forced to move for summary judgment (on jurisdiction *and* the merits) and subsequently assert that summary judgment is improper because the Defendants "cannot present facts essential to justify [their] opposition" to CME's jurisdictional assertions. Fed. R. Civ. P. 56(d).

It would promote judicial economy for CME to move for summary judgment, and after Defendants have assessed that motion, they can decide whether (1) Rule 56(d) relief is necessary, or (2) whether to simply oppose the motion and cross-move for summary judgment. *See* Dkt. 42 at 4 (CME arguing that "[a]ssuming Defendants could, in theory, make a showing that they need jurisdictional discovery, they would need to follow Rule 56(d) by *moving in opposition to CME's summary-judgment motion*" (emphasis added)). Defendants therefore propose to amend the briefing schedule to provide as follows:

**November 20, 2026** – CME deadline to file motion for summary judgment ("MSJ").

**December 14, 2026** – Defendants' deadline to (1) move under Rule 56(d), or (2) oppose CME's MSJ and cross-move for summary judgment. In the event of a Rule 56(d) motion, Defendants' deadline to oppose CME's MSJ and cross-move for summary judgment will be stayed until 14 days after discovery is complete or the denial of the Rule 56(d) motion.

**January 8, 2027** – CME deadline to (1) oppose Rule 56(d) motion, or (2) reply in support of its MSJ and oppose Defendants' MSJ.

**January 22, 2027** – Defendants' deadline to (1) reply in support of Rule 56(d) motion, or (2) reply in support of MSJ.

This schedule leaves the original summary-judgment date (November 20) and opposition date (December 14) intact, and offers CME ample time for a reply to accommodate the holidays.

No doubt, CME will accuse Defendants of trying to delay the resolution of the case. Defendants would only note that this is a consequence of CME seeking to defer any discovery until after summary judgment, rather than before. *See* Dkt. 43 at 3 ("CME's proposal—to kick the discovery can until *after* it has moved for summary judgment—thus invites the inefficiencies that this motion and the entire briefing schedule were designed to avoid.").

Dated: October 23, 2026

Respectfully Submitted,

*/s/ M. Jordan Minot*
M. Jordan Minot (DC Bar No. 1722554)

*Attorneys for the Commodity Futures Trading Commission*

TYLER S. BADGLEY
General Counsel
M. JORDAN MINOT
Deputy General Counsel
ANDREW WEISBERG
Senior Assistant General Counsel
HENRY J. DICKMAN
Senior Assistant General Counsel

ANNE W. STUKES
Senior Assistant General Counsel
CARLIN METZGER
Senior Assistant General Counsel
MARGARET P. AISENBREY
Senior Assistant General Counsel

U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581
Tel: (202) 209-1087
Fax: (202) 418-5567
tbadgley@cftc.gov
jminot@cftc.gov
aweisberg@cftc.gov
hdickman@cftc.gov
astukes@cftc.gov
cmetzger@cftc.gov
maisenbrey@cftc.gov