**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE INC.,<br>*Plaintiff*,<br>–v.–<br>MICHAEL S. SELIG, *et al.*,<br>*Defendants.* | Case No. 26-cv-02157 |

# PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO AMEND BRIEFING SCHEDULE

The government seeks an "amendment" of and "stay" to the schedule *it proposed*[1] and this Court approved. But the government does not claim that it cannot meet the current briefing deadlines, or that it will suffer any prejudice from the schedule it proposed. Instead, the government's only basis for relief is that the government now finds its own briefing schedule "awkward." The government speculates that it might file a Rule 56(d) motion in response to CME's motion for summary judgment. And, "[i]n the event of" such a "motion," the government proposes that its "deadline to oppose CME's MSJ and cross-move for summary judgment will be ***stayed*** until 14 days after discovery is complete or the denial of the Rule 56(d) motion." ECF 47 at 3 (emphasis added). The Court should deny this effort to unduly delay this case.

The government has not even attempted to meet its burden for an amendment or a stay here. Whether under Federal Rule of Civil Procedure 6(b) or Rule 16(b)(4), the government must show "good cause" for amendment to the schedule. The phrase "good cause" never appears in the government's brief—and that is because there is none.

"'Good cause' requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Hajjar-Nejad v. George Washington Univ.*, No. 10-cv-626, 2012 WL 13168550, at *3 (D.D.C. Nov. 13, 2012) (Kollar-Kotelly, J.) (citing *St. Paul Mercury Ins. Co. v. Capitol Sprinkler Inspection, Inc.*, No. 05-cv-2115, 2007 WL 1589495, at *6 (D.D.C. June 1, 2007)). The government never suggests it cannot meet the November 20 filing deadline—which it proposed—for its motion for summary judgment. It clearly can. For that reason alone, the Court should deny the motion.

[1] Ex. A, Sept. 4, 2026 12:42 pm Email from Henry Dickman, attaching the proposed briefing schedule the Court entered.

The government's rationale for an amendment and stay—an "awkward [briefing] sequence"—is not good cause. ECF 47 at 2. "'Good cause' is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Hajjar-Nejad*, 2012 WL 13168550, at *3 (citation omitted). Here, the Rule 56(d) issue was entirely foreseeable. Indeed, the *government raised* Rule 56(d) as its proposed discovery mechanism more than two months ago. ECF 28 at 7. And CME had repeatedly raised Rule 56(d) with the government before the government proposed the schedule the Court adopted. *See, e.g.*, Ex. B, Sept. 1, 2026 11:07 am Email from Ivano Ventresca ("And even if the government sought leave, the government cannot take jurisdictional discovery without showing, under Rule 56(d), why such jurisdictional discovery is necessary–the exact process the government cited in its reply brief. Given that the government has not yet seen CME's summary judgment motion, there is no basis to seek jurisdictional discovery now in an effort to disprove standing."). The current schedule ordered by the Court recognized—in language the government proposed—that November 13, 2026, would be the discovery cut-off "*to the extent discovery is permitted*." ECF 33 at 1 (emphasis added). The government knew its motion might be denied—and that it might have to proceed under Rule 56(d)—and still *proposed* the current briefing schedule. *See generally* Exs. A, B (correspondence related to schedule).

The government is thus wrong to argue that "[t]he current briefing schedule … is premised on discovery being completed before summary judgment and that there would be no need for recourse to Rule 56(d)." ECF 47 at 1. The briefing schedule was never "premised" on any discovery because CME has always maintained that the government is not allowed to take discovery from CME, full stop. *See* ECF 42 at 1-4, 6-10 (explaining that the government cannot

take discovery of CME). The notion that the government was caught off guard by CME's position on discovery or that the agreed-to schedule did not contemplate potential Rule 56(d) practice is a fiction. And had CME known that the government would attempt to change the briefing schedule two months after the parties agreed to it and the Court ordered it, CME would have pushed for the schedule it wanted originally, with summary-judgment briefing being completed before Thanksgiving. The government cannot now renege on its agreement merely because it lost its misguided discovery motion.

The government will suffer no prejudice at all in sticking to the Court's schedule. The schedule still allows the government to "decide whether … Rule 56(d) relief is necessary." ECF 47 at 2. If the government determines that a Rule 56(d) motion is necessary, it can file one in opposition to CME's motion for summary judgment just the same under the Court-ordered schedule as any other. Of course, the government's Rule 56(d) motion would be futile—and its proposed schedule would *undermine* judicial economy—because its justifications for seeking discovery rest on complete misreadings of competitor-standing caselaw; CME will demonstrate an increase in competition, which is sufficient. On the other hand, it would serve judicial economy for all the briefing to be before the Court as the current schedule contemplates, rather than to further stagger the briefing as the government suggests. ECF 29 at 3. And again, it is CME's burden to prove its standing with facts, so if CME moves for summary judgment without meeting that burden, the government can simply point that out in its opposition. ECF 42 at 3.

But this unnecessary amendment and stay would prejudice CME, pausing a briefing schedule that has already been unnecessarily extended by the government's initial motion to dismiss. CME only agreed to the current schedule on the understanding that summary-judgment briefing would be completed by the end of the calendar year. *See generally* Exs. A, B. But now

the government seeks to push off briefing altogether, allowing CME's motion for summary judgment to sit until the Court rules on a speculative Rule 56(d) motion. That is not good cause for an amendment or a stay.

The government got one thing right in its motion: this is a transparent attempt at delay. While the government seeks a "stay" of the briefing schedule here, the government has continued to approve unlawful perpetual contracts as futures across a wide range of assets well beyond cryptocurrency, and these contracts continue proliferating with more likely on the horizon. As a result, the importance of expeditious briefing of the issues raised by this case only continues to grow.

The Court should deny the government's motion to amend the schedule that the parties agreed to and this Court ordered.

Dated: October 27, 2026

Respectfully submitted,

*/s/ Aitan Goelman*

Aitan D. Goelman (D.C. Bar No. 446636)
Ivano M. Ventresca (D.C. Bar No. 1045769)
Brian J. Beaton, Jr. (D.C. Bar No. 90020963)

ZUCKERMAN SPAEDER LLP
2100 L Street NW, Suite 400
Washington, DC 20037
Tel: (202) 778-1800
Fax: (202) 822-8136
agoelman@zuckerman.com
iventresca@zuckerman.com
bbeaton@zuckerman.com

*Attorneys for Plaintiff Chicago Mercantile Exchange Inc.*