# EXHIBIT B

**Rivero, Frank**

| | |
|---|---|
| **From:** | Dickman, Henry <HDickman@CFTC.gov> |
| **Sent:** | Wednesday, September 2, 2026 9:31 AM |
| **To:** | Ventresca, Ivano; Goelman, Aitan; Weisberg, Andrew; Metzger, Carlin |
| **Cc:** | Stukes, Anne; Minot, Jordan; Beaton, Brian |
| **Subject:** | RE: [EXTERNAL] CME v. CFTC |

EXTERNAL

Ivano,

Thank you for the response. A couple responses:

1. You claim that our proposal fails to "set a consolidated merits briefing schedule." But it does: we proposed cross-motions for summary judgment due November 13 and cross-oppositions due December 11. Also, I would note that your proposed schedule does not account for the fact that Defendants will cross-move for summary judgment in response to CME's summary-judgment motion and therefore will require an additional brief that you have not accounted for (Defendants' reply in support of cross-motion for summary judgment). Once that is added to your proposed schedule, briefing would be complete at roughly the same time as under our proposal.
2. There may be some confusion about the "jurisdictional discovery" label here. Courts typically use that phrase when a plaintiff seeks discovery from the defendant at the pleadings stage to fill gaps in their allegations. You are correct that leave from the court is typically required in those scenarios. But here, we are simply seeking to take discovery in the ordinary course under Rule 26, which allows us to obtain discovery relevant to any defense--including whether there is factual evidence of CME's standing at the summary-judgment stage. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978) ("where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."). Advance leave of the court is not required for such requests simply because they relate to standing issues. Indeed, given that it will be CME's burden to prove standing with evidence at summary judgment, it is unclear why Defendants could not obtain discovery relevant to that issue. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992) ("In response to a summary judgment motion, however, the plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts.'").

Our proposed schedule is an attempt to leave time to resolve discovery disputes--whether from you or us--and still allow for the efficient resolution of the case. A schedule that leaves no time for such issues will only create complications down the road. We hope to find a middle ground with you, but if not, we'll await your proposal.

Thanks,
Henry

-----Original Message-----
From: Ventresca, Ivano <iventresca@zuckerman.com>
Sent: Tuesday, September 1, 2026 11:07 AM
To: Dickman, Henry <HDickman@CFTC.gov>; Goelman, Aitan <AGoelman@zuckerman.com>; Weisberg, Andrew <AWeisberg@CFTC.gov>; Metzger, Carlin <CMetzger@CFTC.gov>
Cc: Stukes, Anne <AStukes@CFTC.gov>; Minot, Jordan <JMinot@CFTC.gov>; Beaton, Brian <BBeaton@zuckerman.com>
Subject: RE: [EXTERNAL] CME v. CFTC

CAUTION: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

________________________________

Henry – we look forward to the production of the record tomorrow and receiving the government's motion to dismiss. The remainder of your proposal, however, is not consistent with the Court's order, which was to set a consolidated merits briefing schedule.

The government's attempt to take jurisdictional discovery of CME to disprove standing is without any basis in law or fact. To start, the government cannot unilaterally serve jurisdictional discovery requests on CME without leave to conduct jurisdictional discovery. And even if the government sought leave, the government cannot take jurisdictional discovery without showing, under Rule 56(d), why such jurisdictional discovery is necessary – the exact process the government cited in its reply brief. Given that the government has not yet seen CME's summary judgment motion, there is no basis to seek jurisdictional discovery now in an effort to disprove standing.

Indeed, while discovery into a deficient administrative record is often permitted, we are unaware of a single case in the D.C. Circuit in which the government was allowed to take jurisdictional discovery of a plaintiff's standing in an APA case where the plaintiff alleges competitor standing. Nothing in your email explains how or why the government is entitled to jurisdictional discovery, even under Rule 56(d). Please pass along any contrary authority.

We will prepare a joint status report including both parties' positions. We will aim to get you our section by end of day Wednesday, which will include a short discussion explaining why discovery is not appropriate. If you have anything to add to your position, we ask that you provide it by end of day Thursday so we can incorporate on Friday.

Best,
Ivano

-----Original Message-----
From: Dickman, Henry <HDickman@CFTC.gov>
Sent: Monday, August 31, 2026 2:10 PM
To: Ventresca, Ivano <iventresca@zuckerman.com>; Goelman, Aitan <AGoelman@zuckerman.com>; Weisberg, Andrew <AWeisberg@CFTC.gov>; Metzger, Carlin <CMetzger@CFTC.gov>
Cc: Stukes, Anne <AStukes@CFTC.gov>; Minot, Jordan <JMinot@CFTC.gov>; Beaton, Brian <BBeaton@zuckerman.com>
Subject: RE: [EXTERNAL] CME v. CFTC

EXTERNAL

Ivano,

Thanks for reaching out. We intend to seek discovery on CME's standing, and so we propose that summary-judgment motions await the completion of discovery. We propose the following schedule, which would allow for all briefing to be completed just a few weeks after your proposal:

* Defendants will file a motion to dismiss, file certified list of contents of the administrative record, and serve administrative record on CME, on September 2, 2026;
* Defendants submit discovery requests to CME by September 11, 2026;
* CME will file an opposition to Defendants' motion to dismiss on October 9, 2026;

* Deadline for any discovery-related motions on October 12, 2026;
* Defendants will file a reply in support of their motion to dismiss on October 23, 2026;
* All discovery complete by October 26, 2026;
* Parties cross-file motions for summary judgment on November 13, 2026, subject to extensions as needed to resolve outstanding discovery disputes;
* Amicus briefs, if any, due November 20, 2026;
* Parties cross-file oppositions to summary judgment on December 11, 2026.

Let me know what you think.
Henry

-----Original Message-----
From: Ventresca, Ivano <iventresca@zuckerman.com>
Sent: Friday, August 28, 2026 10:54 AM
To: Dickman, Henry <HDickman@CFTC.gov>; Goelman, Aitan <AGoelman@zuckerman.com>; Weisberg, Andrew <AWeisberg@CFTC.gov>; Metzger, Carlin <CMetzger@CFTC.gov>
Cc: Stukes, Anne <AStukes@CFTC.gov>; Minot, Jordan <JMinot@CFTC.gov>; Beaton, Brian <BBeaton@zuckerman.com>
Subject: Re: [EXTERNAL] CME v. CFTC

CAUTION: This email originated from outside of CFTC. DO NOT click links or open attachments unless you recognize and/or trust the sender. If you believe this is SPAM simply block sender and delete the email. If you suspect this to be a phishing attempt, please use the "Report Phishing" button on your Outlook menu bar.

________________________________

Counsel - in light of the Court's order yesterday, we propose the following briefing schedule:

* Defendants will file a motion to dismiss, file certified list of contents of the administrative record, and serve administrative record on CME, on September 2, 2026;
* CME will file a consolidated opposition to Defendants' motion to dismiss and CME's motion for summary judgment on Counts 1 and 2 of the Complaint/memorandum in support of the same on October 2, 2026;
* Defendants will file a consolidated reply in support of their motion to dismiss and opposition to CME's motion for summary judgment on October 30, 2026; and
* CME will file a reply in support of its motion for summary judgment on November 20, 2026.

Please let us know your position.

Best,
Ivano