**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHICAGO MERCANTILE EXCHANGE INC.,

Plaintiff,

v.

MICHAEL S. SELIG, in his official capacity as Chairman of the Commodity Futures Trading Commission; COMMODITY FUTURES TRADING COMMISSION,

Defendants.

Case No. 1:26-cv-02157-CKK

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO AMEND BRIEFING SCHEDULE**

When Defendants moved for pre-summary-judgment discovery on CME's standing, CME responded that Rule 56(d) provides the only pathway for Defendants to obtain discovery on standing. Dkt. No. 42 at 1 ("[S]hould Defendants require discovery at the summary-judgment stage, they can move pursuant to Rule 56(d)."); *id.* at 4–5 ("Assuming Defendants could, in theory, make a showing that they need jurisdictional discovery, they would need to follow Rule 56(d) by moving in opposition to CME's summary-judgment motion and 'show[ing] by affidavit or declaration that, for specified reasons, [they] cannot present facts essential to justify [their] opposition.'" (quoting Fed. R. Civ. P. 56(d)); *id.* at 5 ("Unlike Defendants' novel Rule 26 argument, the Rule 56(d) position is supported by precedent."). And this Court agreed. Dkt. No. 44 at 3–4.

Now, CME seeks to bind Defendants in a Catch-22, pinning them to a summary-judgment schedule that was not intended to accommodate a Rule 56(d) motion. Dkt. No. 41 at 1 n.1. Consider how things will play out if the current schedule sticks. CME and Defendants would cross-move

for summary judgment on November 20th, both arguing that they are entitled to judgment as a matter of law on jurisdiction and the merits. Then on December 14th, Defendants may need to move for discovery under Rule 56(d) motion arguing that they lack sufficient facts to oppose CME's standing. *See* Dkt. No. 48 at 3 ("If the government determines that a Rule 56(d) motion is necessary, it can file one in opposition to CME's motion for summary judgment just the same under the Court-ordered schedule as any other."). That is a strange posture: Defendants would be asking the Court for discovery relevant to CME's summary-judgment motion while Defendants' own summary-judgment motion raising the same issues is simultaneously being briefed.

The bottom line is this. Defendants were denied the opportunity to seek any pre-summary-judgment discovery on standing because, according to CME, a Rule 56(d) motion was the proper procedure. If that is real, and not a façade, the schedule should give Defendants a meaningful opportunity to make a Rule 56(d) motion, not simply tack it on to fully briefed cross-motions.

CME mostly claims that there is no "good cause" to amend because Defendants supposedly proposed the current schedule. But as CME's public dump of counsel-to-counsel correspondence shows, Defendants compromised on the current schedule based on a premise that is no longer true. CME proposed a schedule in which the motion to dismiss and motion for summary judgment would be simultaneously briefed. *See* Dkt. No. 48-3 at 3. Because that schedule would inevitably invite a Rule 56(d) motion, Defendants proposed a short discovery period—which would obviate the need for Rule 56(d) proceedings—followed by cross-motions for summary judgment. *See id.* at 2–3. The parties met in the middle: both sides would brief whether discovery was warranted and then proceed to summary judgment. *See* Dkt. No. 32. The entire point of that procedure was to *avoid* a Rule 56(d) motion, as Defendants expressly memorialized in a filing one week later. *See* Dkt. No. 41 at 1 n.1 ("[W]hen negotiating a proposed schedule, Defendants agreed to move for

leave to serve discovery on CME in order to facilitate the efficient resolution of the case and to avoid downstream discovery disputes or Fed. R. Civ. P. 56(d) motions."). Rather, Defendants expected to address discovery before proceeding to summary-judgment briefing. But CME opted to kick the discovery can past summary judgment by pointing Defendants to Rule 56(d). With the fundamental assumptions changed, there is ample cause for the schedule to change. *See* Dkt. No. 43 at 2 (Defendants noting that CME's Rule 56(d) "argument *comes as a surprise*" because "[w]hen negotiating a briefing schedule, the parties agreed that Defendants would seek the Court's leave to conduct discovery precisely to *avoid* resort to Rule 56(d) motions practice, which could further delay proceedings" (emphasis added)).

Finally, CME claims that a Rule 56(d) motion would be "futile" because "CME will demonstrate an increase in competition, which is sufficient." Dkt. No. 48 at 3. No doubt, if CME declines to submit evidence of any economic injury (as it has repeatedly indicated), the Court's task will be greatly simplified: CME would obviously fail to carry its standing burden as a matter of law.[1] *Cherokee Nation v. DOI*, 2026 WL 2824551, at *7 (D.D.C. Sept. 21, 2026) (D.C. Circuit precedent requires that "the plaintiff must put forward evidence that the challenged action has *adversely affected its financial interest*" "[t]o show competitor standing at summary judgment" (emphasis added, citation modified)). But in the event CME recognizes that "a party asserting competitor standing must 'make a concrete showing that it is in fact likely to suffer financial injury as a result of the challenged action,'" *PSSI Glob. Servs., L.L.C. v. FCC*, 983 F.3d 1, 11 (D.C. Cir. 2020), and therefore decides to submit evidence on financial injury, Rule 56(d) relief may be warranted. The schedule should accommodate that, even if it pushes a few weeks past CME's

[1] CME's evidence of "an increase in competition" may itself be the subject of a Rule 56(d) motion, particularly given that all available indications suggest an absence of competition between CME's dated futures and perpetual futures.

arbitrary deadline. Dkt. No. 48 at 3 (seeking "summary-judgment briefing [to] be completed by the end of the calendar year").

CME's opposition is emblematic of its strategy in this case so far: rush to the merits as quickly as possible without looking too closely at whether it has standing to bring this lawsuit in the first place. *See* Dkt. No. 48-3 at 4 (CME proposing to simultaneously brief the motion to dismiss and summary judgment); Dkt. No. 27 at 3 (pressing for "the disposition of the issues in this case in consolidated fashion through summary-judgment motions"). That is not how Article III works—CME needs to demonstrate standing at every stage and cannot skip to a merits resolution. *See Scenic Am., Inc. v. United States Dep't of Transportation*, 836 F.3d 42, 48 (D.C. Cir. 2016). Agency action cannot be judicially halted when the plaintiff can raise only thin allegations of injury and balks at providing any facts.

Dated: October 28, 2026

Respectfully Submitted,

*<u>/s/ M. Jordan Minot</u>*
M. Jordan Minot (DC Bar No. 1722554)

TYLER S. BADGLEY
General Counsel
M. JORDAN MINOT
Deputy General Counsel
ANDREW WEISBERG
Senior Assistant General Counsel
HENRY J. DICKMAN
Senior Assistant General Counsel
ANNE W. STUKES
Senior Assistant General Counsel
CARLIN METZGER
Senior Assistant General Counsel
MARGARET P. AISENBREY
Senior Assistant General Counsel

U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, NW
Washington, DC 20581
Tel: (202) 209-1087
Fax: (202) 418-5567
tbadgley@cftc.gov
jminot@cftc.gov
aweisberg@cftc.gov
hdickman@cftc.gov
astukes@cftc.gov
cmetzger@cftc.gov
maisenbrey@cftc.gov

*Attorneys for Defendants*