**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHICAGO MERCANTILE EXCHANGE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. SELIG, in his official capacity as Chairman of the Commodity Futures Trading Commission, *et al.*,<br><br>Defendants. | Civil Action No. 26-2157 (CKK) |

**ORDER**
(October 29, 2026)

This action comes to the Court on the Government's opposed [47] Motion to Amend the summary-judgment briefing schedule entered by the Court at the parties' joint request on September 8, 2026. The parties are currently scheduled to file cross-motions for summary judgment by no later than November 20, 2026, and cross-oppositions by no later than December 14, 2026. Despite proposing this schedule, the Government now argues that it "provides an awkward sequence" given the Court's September 28, 2026, denial of their request to take discovery from Plaintiff in anticipation of summary judgment. According to the Government, "[i]t would promote judicial economy for [Plaintiff] to move for summary judgment [first], and after [the Government has] assessed that motion, [it] can decide whether (1) Rule 56(d) relief is necessary, or (2) whether to simply oppose the motion and cross-move for summary judgment." Gov't's Mot. at 2. The Government thus proposes amending the summary-judgment briefing schedule as follows:

**November 20, 2026**: Plaintiff's deadline to file motion for summary judgment.

> **<u>December 14, 2026</u>**: The Government's deadline to either (1) move for discovery under Federal Rule of Civil Procedure 56(d), or (2) oppose Plaintiff's motion and cross-move for summary judgment. The Government explains that, if it were to file a discovery motion under Rule 56(d), then its deadline to oppose Plaintiff's motion and to cross-move for summary judgment would be stayed until 14 days after discovery is complete or its Rule 56(d) motion is denied.
>
> **<u>January 8, 2027</u>**: Plaintiff's deadline to either (1) oppose the Government's Rule 56(d) motion, or (2) reply in support of its motion and oppose the Government's cross-motion.
>
> **<u>January 22, 2027</u>**: The Government's deadline to either (1) reply in support of its Rule 56(d) motion, or (2) reply in support of its cross-motion.

Gov't's Mot. at 2–3.

The Government does not identify the applicable standard of review for its request, instead arguing that its requested change would simply be in the interest of judicial economy. But as Plaintiff points out, the Federal Rules of Civil Procedure dictate that the Government must show "good cause" for its request. *See* Fed. R. Civ. P. 6(b), 16(b). "'Good cause' requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Hajjar-Nejad v. George Washington Univ.*, No. 10-cv-626, 2012 WL 13168550, at *3 (D.D.C. Nov. 13, 2012) (CKK) (citation omitted). Good cause "is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (citation omitted).

Plaintiff argues that the Government has not shown "good cause" for its requested amendment to the summary-judgment briefing schedule. Pl.'s Opp'n at 1 ("The phrase 'good cause' never appears in [the Government's] brief—and that is because there is none."). The Court agrees. First, the Government "never suggests it cannot meet the November 20 filing deadline—which it proposed—for its motion for summary judgment." *Id.* The Government merely argues

that the current briefing schedule "provides an awkward sequence." Gov't's Mot. at 2. This does not establish good cause, which typically requires the moving party "to show that the deadlines cannot reasonably be met despite [their] diligence." *Hajjar-Nejad*, 2012 WL 13168550, at *3.

In addition, the Government has not shown why the current briefing schedule is "awkward" in a way that causes it prejudice. Despite arguing for pre-summary-judgment discovery earlier in this litigation, the Government now admits that its decision whether to seek discovery under Rule 56(d) "will depend on . . . any evidence [Plaintiff] submits in a summary-judgment motion." Gov't's Mot. at 2. This is consistent with the sequence outlined in Rule 56(d), under which "a *nonmovant*" may request discovery if it "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its *opposition*." Fed. R. Civ. P. 56(d) (emphasis added). The Government argues that this sequence could prove "awkward" under the current briefing schedule, which requires the parties to file cross-motions for summary judgment on November 20, because, if the Government decides that it needs to file a Rule 56(d) motion after it has already filed its cross-motion for summary judgment, it "would be forced to . . . subsequently assert that [its cross-motion for] summary judgment is improper because [it] 'cannot present facts essential to justify [its] opposition' to [the] jurisdictional assertions [in Plaintiff's cross-motion]." Gov't's Mot. at 2 (quoting Fed. R. Civ. P. 56(d)).

The Court does not follow the Government's logic. The Government will not undermine the validity of its cross-motion for summary judgment by filing a Rule 56(d) motion for discovery after filing its cross-motion. By filing a request for discovery under Rule 56(d), the Government will necessarily be saying that it "cannot present facts essential to justify its *opposition*" to Plaintiff's cross-motion for summary judgment. Fed. R. Civ. P. 56(d) (emphasis added). This is not the same as saying it cannot justify its own cross-motion for summary judgment. If the

Government determines that it needs discovery to present facts essential to justify its opposition to Plaintiff's cross-motion for summary judgment, then it may file the appropriate motion under Rule 56(d) without doing any harm to its own cross-motion for summary judgment. The current briefing schedule therefore does not "create a substantial risk of unfairness" to the Government. *Hajjar-Nejad*, 2012 WL 13168550, at *3.

Finally, as Plaintiff emphasizes, the Government's purported Rule 56(d) issue "was entirely foreseeable." Pl.'s Opp'n at 2. The Government first indicated that it might seek discovery under Rule 56(d) back in August while briefing its (unsuccessful) request to excuse its compliance with filing the administrative record. Dkt. No. 28 at 7 (where the Government argued against producing the administrative record and proceeding to summary judgment because "if [it] conclude[d] that discovery is needed to confirm [Plaintiff's] standing, a Rule 56(d) motion may be required, further convoluting the proceedings"). In September, the Government proposed the current briefing schedule, which included briefing deadlines for its opposed (and also unsuccessful) request to conduct pre-summary-judgment discovery "to avoid resort to Rule 56(d) motions practice." Dkt. No. 43 at 2. While the Government may have *wanted* pre-summary-judgment discovery, it was not entitled to it and is therefore wrong to state that the current summary-judgment briefing schedule "is premised on discovery being completed before summary judgment and that there would be no need for recourse to Rule 56(d)." Gov't's Mot. at 1. The Government knew that it might decide to seek discovery under Rule 56(d) and still proposed to the Court a summary-judgment briefing schedule where it would file its cross-motion for summary judgment at the same time as Plaintiff. It "cannot now renege on its agreement merely because it lost its misguided discovery motion." Pl.'s Opp'n at 3.

Plaintiff has also shown that it would be prejudiced by the Government's requested change to the summary-judgment briefing schedule. Plaintiff argues that the Government's proposed change would further delay summary-judgment briefing "that has already been unnecessarily extended by the government's initial motion to dismiss." Pl.'s Opp'n at 3. Briefing on the Government's motion to dismiss has indeed delayed summary-judgment briefing, and the Government decided to file its motion to dismiss after Plaintiff indicated that it intended to move for summary judgment and after the Court indicated that, because this is an APA case, it would be more efficient to resolve the parties' arguments collectively at summary judgment. *See* Order, Dkt. No. 29 at 3. Furthermore, Plaintiff represents that it "only agreed to the current schedule on the understanding that summary-judgment briefing would be completed by the end of the calendar year." Pl.'s Opp'n at 3. According to Plaintiff, "the government has continued to approve unlawful perpetual contracts as futures across a wide range of assets well beyond cryptocurrency" while briefing on summary judgment has been pending. Pl.'s Opp'n at 4. Further delay would therefore continue to prejudice Plaintiff.

Accordingly, for the foregoing reasons, it is hereby **ORDERED** that the Government's [47] Motion to Amend is **DENIED**. The operative briefing schedule, Dkt. No. 33, shall remain unchanged.

**SO ORDERED.**

**Dated:** October 29, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge